IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESSICA SOTELO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:21-CV-836 |
| FUNDAMENTAL ADMINISTRATIVE | § | |
| SERVICES, LLC D/B/A SEDONA | § | |
| TRACE HEALTH AND WELLNESS, | § | |
| | § | |
| *Defendant*. | | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, Cameron Health Care, LLC d/b/a Sedona Trace Health and Wellness ("Defendant"), incorrectly identified by Plaintiff as "Fundamental Administrative Services, LLC d/b/a Sedona Trace Health and Wellness,"[1] files this Notice of Removal of the above-entitled action from the 201st Judicial District Court, Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division. As shown herein, removal of this case to federal court is proper based on federal question jurisdiction, supplemental jurisdiction, and diversity jurisdiction.

## I.
## BACKGROUND

1. On July 26, 2021, Plaintiff Jessica Sotelo ("Plaintiff") initiated this action, captioned *Jessica Sotelo v. Fundamental Administrative Services, LLC d/b/a Sedona Trace Health and Wellness*, in the 201st Judicial District Court, Travis County, Texas by filing

---

[1] Plaintiff was employed by Cameron Health Care, LLC and not Fundamental Administrative Services, LLC. As Fundamental Administrative Services, LLC never employed Plaintiff, it has been improperly sued.

1

Plaintiff's Original Petition ("Plaintiff's Petition").  The state court designated Plaintiff's lawsuit as Cause No. D-1-GN-21-003458.

2. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders related to the state court proceeding are attached hereto as EXHIBIT A and incorporated herein by reference.

3. On August 19, 2021, Defendant was served with Plaintiff's Petition.  *See* Declaration of Bill Clifton in Support of Removal at ¶ 5, attached as EXHIBIT B.  Defendant subsequently and timely filed Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Original Petition on September 10, 2021.  *See* EXHIBIT A.

4. Plaintiff's Petition asserts that Defendant, her former employer, is liable to her for alleged sex discrimination, disability discrimination, pregnancy discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code ("Chapter 21").  *See* Pl.'s Pet. at ¶ 5, attached at EXHIBIT A.

## II.
## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

5. Removal is proper because the Court has subject matter jurisdiction over this lawsuit based upon federal question jurisdiction.  28 U.S.C. §§ 1331, 1441(a).  Federal question jurisdiction exists in a civil matter when a claim arises "under the Constitution, laws or treaties of the United States."  *Id.* § 1331.

6. Federal question jurisdiction has been invoked in this case because Plaintiff asserts Defendant is liable to her for alleged violations that arise under Title VII, a federal statute.  *See* Pl.'s Pet. at ¶ 5, attached at EXHIBIT A.

7. In addition to exercising jurisdiction over Plaintiff's Title VII cause of action, this Court also has supplemental jurisdiction over Plaintiff's state law claims that arise out of

Defendant's alleged violations of Chapter 21 of the Texas Labor Code. *See* 28 U.S.C. §1367(a); Pl's Pet. at ¶ 5, attached at EXHIBIT A.

8.  Therefore, this entire matter may be removed, and this Court may determine all issues herein. 28 U.S.C. § 1441(c).

### III.
### DIVERSITY JURISDICTION

9.  This Court also has subject matter jurisdiction based on an independent, but equally valid, reason: diversity jurisdiction. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). As shown below, both of these requirements are met in this case.

A.  **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

10. The face of Plaintiff's Petition establishes that Plaintiff's damages exceed $75,000, exclusive of interest and costs, thus satisfying the requirement of 28 U.S.C. § 1332. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003) ("The test is whether it is more likely than not that the claim will exceed [$75,000]."). In Paragraph 30 of Plaintiff's Petition, Plaintiff affirmatively pleads that she "seeks monetary relief between $200,000 and $1,000,000." *See* Pl.'s Pet. at ¶ 30, attached at EXHIBIT A. Although Defendant altogether denies Plaintiff's allegations and denies that Plaintiff is entitled to the damages she seeks, it is evident that the amount in controversy, exclusive of interest and costs, far exceeds the threshold sum of $75,000. *See* 28 U.S.C. § 1332(a).

**B.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.**

11.     The second requirement for removal is also established because there was complete diversity of citizenship between Plaintiff and Defendant at the time of filing of Plaintiff's Petition and at the time of removal.

### (1)     Plaintiff is a Citizen of Texas.

12.     Plaintiff is now, and was at the time this action commenced, domiciled in the state of Texas.  Specifically, Plaintiff alleges in her Petition that she resides in Harris County, Texas. *See* Pl.'s Pet. at ¶ 2, attached at EXHIBIT A (listing residence in Spring, Harris County, Texas).

13.     An individual is a citizen of the state in which he or she is domiciled. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

### (2)     Defendant is a Citizen of Delaware and Maryland.

14.     Plaintiff's Petition asserts employment discrimination and retaliation.  Because Defendant – the entity that employed Plaintiff – is a limited liability company, its citizenship is determined, for diversity jurisdiction purposes, by examining the citizenship of each member of the limited liability company.  *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  *See also* EXHIBIT B at ¶ 2.

15.     Defendant's sole member is THI of Texas, LLC.  *See* EXHIBIT B at ¶ 3.  THI of Texas, LLC is organized under the laws of Delaware and maintains its principal place of business in Sparks, Maryland.  *See id.* at ¶ 4.  Thus, Defendant is a citizen of Delaware and Maryland for diversity purposes.  Consequently, Defendant is not a citizen of Texas and there is complete diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332(c)(1).

16.     In sum, Plaintiff is a citizen of Texas and Defendant is not.  Complete diversity of citizenship exists between Plaintiff and Defendant.

## IV.
## PROCEDURAL PREREQUISITES

17.     Venue is proper as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 124(b)(2). Defendant is filing this Notice of Removal within 30 days of being served with citation and a copy of Plaintiff's Petition from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

18.     As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the 201st Judicial District Court, Travis County, Texas and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without exhibits), filed with the 201st Judicial District Court, is attached hereto as EXHIBIT C.

19.     By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## V.
## CONCLUSION

Accordingly, because federal question, supplemental, and diversity jurisdiction exist over all Plaintiff's causes of action, this Court has jurisdiction under both 28 U.S.C. § 1331, § 1332, and § 1367(a). Defendant Cameron Health Care, LLC requests that the 201st Judicial District Court of Travis County, Texas proceed no further with Cause No. D-1-GN-21-003458 and that *Jessica Sotelo v. Fundamental Administrative Services, LLC d/b/a Sedona Trace Health and Wellness* be removed to the United States District Court for the Western District of Texas, Austin Division.

<div style="display: flex;">

<div>
*Of Counsel:*

Elizabeth L. Bolt
State Bar No. 24059470
ebolt@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, Texas 77010
Telephone No.: 713-951-9400
Facsimile No.: 713-951-9212
</div>

<div>
Respectfully submitted,

*/s/ Danielle K. Herring*
**Danielle K. Herring**
State Bar No. 24041281
dherring@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, Texas 77010
Telephone No.: 713-951-9400
Facsimile No.: 713-951-9212

**ATTORNEYS FOR DEFENDANT**
</div>

</div>

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, *via* e-file notification and certified mail, return receipt requested on this 20th day of September, 2021 to:

Clayton D. Craighead
The Craighead Law Firm, PLLC
440 Louisiana, Suite 900
Houston, Texas 77002
*Sent Via Certified Mail, Return Receipt*
*Requested No. 9314 7699 0430 0086 7969 93*

*/s/ Danielle K. Herring*
Danielle K. Herring

4821-0963-3016.1 / 053930-1022

6