# EXHIBIT A

**CIVIL ACTION NO. 1:21-CV-836**

7/26/2021 12:00 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-003458
Jessica A. Limon

CAUSE NO. **D-1-GN-21-003458**

| | | |
|---|---|---|
| JESSICA SOTELO | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC D/B/A SEDONA TRACE HEALTH AND WELLNESS | § § § | |
| | § | |
| *Defendant*. | § | **201ST** JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Jessica Sotelo ("Sotelo" or "Plaintiff") files this Original Petition against Defendant Fundamental Administrative Services, LLC d/b/a Sedona Trace Health and Wellness ("FAS" or "Defendant"), and would show the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.3, discovery in this case should be conducted under Level 2.

### II.   PARTIES

2. Plaintiff Jessica Sotelo is an individual residing in Spring, Harris County, Texas.

3. Defendant Fundamental Administrative Services, LLC is a foreign limited liability company authorized to do business in Texas. Defendant may be served with process by and through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### III.   JURISDICTION AND VENUE

4. Both jurisdiction and venue are proper in Travis County, Texas pursuant to the Texas Civil Practice and Remedies Code. Venue is proper because all or a substantial part of the events giving rise to this cause of action occurred in Harris County. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). Additionally, Defendant has its principal place of business in Austin, Travis County, Texas. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(3). This Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

## IV. NATURE OF ACTION

5. This is an action under Title VII of the Civil Rights Act, as amended, and Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. Texas Labor Code, as amended, to correct unlawful employment practices on the basis of sex, pregnancy, disability, and retaliation.

## V. TRCP 47 CLAIM STATEMENT

6. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Tex. R. Civ. P. 47(c).

## VI. CONDITIONS PRECEDENT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission. Plaintiff was mailed a right-to-sue letter on or about April 28, 2021, giving Plaintiff ninety days to file suit.

8. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VII. FACTUAL BACKGROUND

9. Sotelo began her employment with FAS on or about March 13, 2020 as a Certified Nursing Assistant.

10. During her tenure with FAS, Sotelo performed her job well and received positive feedback.

11. In April 2020, Sotelo discovered that she was pregnant.

12. Sotelo's pregnancy developed into a "high risk pregnancy" and her doctor submitted a note stating so on July 30, 2020. Sotelo turned this note into her employer as it restricted her to lifting no more than 20 lbs.

13. Sotelo turned in her doctor's note. She was fired the very next day.

## VIII. SEX DISCRIMINATION

14. All paragraphs above are incorporated as if fully stated herein.

15. Sotelo, a female, whom Defendant knew or believed to be pregnant at the time of her termination, and a member of a protected class, suffered an adverse employment action, which action was based on Sotelo's sex and the fact that she was pregnant. Non-protected class employees (non-pregnant employees) of the Defendant were not terminated.

16. FAS intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

17. FAS engaged in the discrimination and/or the unlawful employment practices described above with malice and/or with reckless indifference to the state-protected rights of Plaintiff.

## IX. DISABILITY DISCRIMINATION

18. All paragraphs above are incorporated as if fully stated herein.

19. Sotelo asserts that FAS failed to provide reasonable accommodations to her.

20. Sotelo asserts that FAS failed to engage in the interactive process.

21. For example, on Sotelo's date of termination, her employer simply terminated her and never even considered providing her with unpaid time off for a brief period of time. Indeed, not long after being her pregnancy being deemed "high risk", her medical condition improved and she received a full doctor's release. But it was too late, she had already been wrongfully terminated.

22. FAS engaged in the discrimination and/or the unlawful employment practices described above with malice and/or with reckless indifference to the state-protected rights of Plaintiff.

## X.   PREGNANCY DISCRIMINATION

23. All paragraphs above are incorporated as if fully stated herein.

24. Sotelo asserts that FAS failed to provide reasonable accommodations to her.

25. FAS targeted Sotelo for reasons related to her pregnancy and ultimately wrongfully terminated her.

26. FAS engaged in the discrimination and/or the unlawful employment practices described above with malice and/or with reckless indifference to the state-protected rights of Plaintiff.

## XI.   RETALIATION

27. All paragraphs above are incorporated as if fully stated herein.

28. FAS retaliated against Sotelo because she engaged in protected activity. For example, FAS wrongfully terminated Sotelo after she sought reasonable accommodations.

29. FAS engaged in the retaliation and/or the unlawful employment practices described above with malice and/or with reckless indifference to Sotelo's statutorily-protected rights.

## XII.   DAMAGES

30. Plaintiff seeks monetary relief between $200,000 and $1,000,000.

31. Plaintiff suffered the following damages as a direct and proximate cause of the actions of Defendant described above:

    a. Back pay from the date that Plaintiff was terminated in an amount to compensate Plaintiff as the Court deems equitable and just;

    b. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    c. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit; and

    e. Pre- and Post-judgment interest.

## XIII.   EXEMPLARY DAMAGES

32. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the statutorily-protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 21.2585 of the Texas Labor Code and 42 U.S.C. § 1981a.

## XIV.   ATTORNEYS' FEES

33. Defendant's actions and conduct as described above and the resulting damage and loss sustained by Sotelo has necessitated her retaining the services of attorneys in initiating this

proceeding. Sotelo seeks recovery of reasonable and necessary attorneys' fees, costs and expenses.

## XV. JURY TRIAL DEMAND

34. Sotelo requests a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## XVI. PRAYER

35. Plaintiff respectfully prays that Defendant be cited to appear and answer herein and that upon a final hearing of the cause, that judgment be entered for Plaintiff against Defendant and that she be awarded the following:

   a. Back pay;

   b. Front pay;

   c. Compensatory damages, including but not limited to emotional pain and suffering and mental anguish damages;

   d. Punitive damages;

   e. Attorneys' fees;

   f. Pre-judgment interest;

   g. Post-judgment interest;

   h. Injunctive relief such as required training for Defendant's employees; and

   i. All other relief, in law or equity, to which Plaintiff may be justly entitled.


Clayton D. Craighead
Texas Bar No. 24065092
**The Craighead Law Firm, PLLC**
440 Louisiana, Suite 900
Houston, TX 77002
Phone: 832-798-1184

Fax: 832-553-7261
clayton.craighead@thetxlawfirm.com

By: /s/ Clayton D. Craighead
Clayton D. Craighead

**ATTORNEY FOR PLAINTIFF
JESSICA SOTELO**



# Notice of Service of Process

**NTP / LABOR**
**Transmittal Number: 23661988**
**Date Processed: 08/20/2021**

| | |
|---|---|
| **Primary Contact:** | Brigitte Miller Legal<br>Fundamental Administrative Services, LLC<br>920 Ridgebrook Rd<br>Sparks, MD 21152-9390 |
| **Electronic copy provided to:** | Melissa Legal<br>Susan Redpath |
| **Entity:** | Fundamental Administrative Services, LLC<br>Entity ID Number  3562709 |
| **Entity Served:** | Fundamental Administrative Services, LLC d/b/a Sedona Trace Health and Wellness d/b/a Sedona Trace Health and Wellness |
| **Title of Action:** | Jessica Sotelo vs. Fundamental Administrative Services, LLC d/b/a Sedona Trace Health and Wellness |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-21-003458 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/19/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Clayton D. Craighead<br>832-798-1184 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION
THE STATE OF TEXAS
CAUSE NO. D-1-GN-21-003458

JESSICA SOTELO

, Plaintiff

vs.

FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC D/B/A SEDONA TRACE HEALTH AND WELLNESS

, Defendant

TO:  FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC D/B/A SEDONA TRACE HEALTH AND WELLNESS
~~D/B/A SEDONA TRACE HEALTH AND WELLNESS~~ BY SERVING ITS
REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS
INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 26, 2021 in the 201ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 16, 2021.

REQUESTED BY:
CLAYTON DIXON CRAIGHEAD
440 LOUISIANA, SUITE 900
HOUSTON, TX 77002
BUSINESS PHONE:(832)798-1184   FAX:(832)553-7261

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

- - - - - - - - - - RETURN - - - - - - - - - -

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day of
_____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-21-003458                    SERVICE FEE NOT PAID                    P01 - 000109993

Case 1:21-cv-00836-RP   Document 1-3   Filed 09/20/21   Page 11 of 17

9/10/2021 10:15 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-003458
Nancy Rodriguez

CAUSE NO. D-1-GN-21-003458

| | | |
|---|---|---|
| JESSICA SOTELO, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC D/B/A SEDONA TRACE HEALTH AND WELLNESS, | § § § | 201ST JUDICIAL DISTRICT |
| *Defendant*. | | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Cameron Health Care, LLC d/b/a Sedona Trace Health and Wellness ("Defendant"), incorrectly identified by Plaintiff as "Fundamental Administrative Services, LLC d/b/a Sedona Trace Health and Wellness,"[1] files its Answer and Affirmative and Other Defenses to Plaintiff's Original Petition filed by Jessica Sotelo ("Plaintiff").

### I.
### GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded in Plaintiff's Original Petition and requests that the Court require Plaintiff to prove each of her charges, claims, and allegations by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas. Defendant respectfully requests that it be allowed to plead further defenses in this cause as the facts surrounding this matter are developed.

---

[1] Plaintiff was employed by Cameron Health Care, LLC and not Fundamental Administrative Services, LLC. As Fundamental Administrative Services, LLC never employed Plaintiff, it has been improperly sued.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing, and pleading in the alternative where necessary, Defendant asserts the following affirmative and other defenses. In doing so, Defendant does not waive Plaintiff's burden of proof required on any element of any claim or cause of action asserted by Plaintiff, and Defendant does not assume the burden of proof except to the extent required on pure affirmative defenses.

### FIRST DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff must mitigate any and all alleged damages, and Plaintiff's claims are barred, or her recovery is reduced, by any failure to mitigate her alleged damages, in whole or in part, including, but not limited to rejecting an unconditional offer of reinstatement. Further, Defendant is entitled to an offset for any amount which could have been earned by Plaintiff and/or compensation income received by Plaintiff.

### SECOND DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred, or her recovery should be offset, by the after-acquired evidence doctrine.

### THIRD DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim for exemplary damages is unconstitutional and/or unavailable. Plaintiff's claim for exemplary damages is further unwarranted because any alleged discriminatory or retaliatory conduct was contrary to Defendant's good faith efforts to comply with the anti-discrimination and anti-retaliation laws.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving the foregoing, and pleading in the alternative where necessary, Defendant asserts the following affirmative and other defenses. In doing so, Defendant does not waive Plaintiff's burden of proof required on any element of any claim or cause of action asserted by Plaintiff, and Defendant does not assume the burden of proof except to the extent required on pure affirmative defenses.

### FIRST DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff must mitigate any and all alleged damages, and Plaintiff's claims are barred, or her recovery is reduced, by any failure to mitigate her alleged damages, in whole or in part, including, but not limited to rejecting an unconditional offer of reinstatement. Further, Defendant is entitled to an offset for any amount which could have been earned by Plaintiff and/or compensation income received by Plaintiff.

### SECOND DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred, or her recovery should be offset, by the after-acquired evidence doctrine.

### THIRD DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claim for exemplary damages is unconstitutional and/or unavailable. Plaintiff's claim for exemplary damages is further unwarranted because any alleged discriminatory or retaliatory conduct was contrary to Defendant's good faith efforts to comply with the anti-discrimination and anti-retaliation laws.

**FOURTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff cannot recover backpay, if any, for any period of time when she was unable to work.

**SIXTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, ratification, laches and/or estoppel.

**SEVENTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's lawsuit is barred, in whole or in part, by virtue of her failure to exhaust and/or utilize available administrative remedies.

**EIGHTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that Defendant's employment actions taken with respect to Plaintiff would have been necessary in the absence of any allegedly impermissible factors.

**NINTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that Defendant is not liable for acts, if any, by employees that were not authorized by Defendant, and such employees, if any, had no express or implied authority to engage in acts that were inconsistent with Defendant's written rules prohibiting conduct constituting unlawful discrimination and retaliation. Improper acts, if any, by certain individuals employed by or associated with

Defendant were beyond the course and scope of their employment, were contrary to policies and directives of Defendant, were not done in furtherance of Defendant's business interests, and Defendant is not responsible for those actions.

### TENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims for actual, general, and exemplary damages and other relief are subject to all applicable statutory caps and limitations.

### ELEVENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that to the extent Plaintiff's claims and allegations exceed the reasonable scope and investigation of the charge that she filed with the Equal Employment Opportunity Commission ("EEOC") and/or the Texas Workforce Commission ("TWC") such claims and allegations are barred.

### TWELFTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff cannot recover actual and exemplary damages under multiple or different theories and causes of action for the same or similar acts. Plaintiff is eligible for only one remedy for her claims.

### THIRTEENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Defendant is entitled to recover its expenses, costs and attorneys' fees as the prevailing party.

### FOURTEENTH DEFENSE

Defendant pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims fail, in whole or in part, to state a claim for relief upon which relief can be granted.

**FIFTEENTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that Defendant had a widely disseminated anti-discrimination and anti-retaliation policy which are strictly enforced. Defendant exercised reasonable care at all times to prevent and promptly correct any alleged discriminatory and/or retaliatory terms and/or conditions of employment from occurring. Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities and procedures provided by Defendant, or to otherwise avoid the harm about which she now complains.

**SIXTEENTH DEFENSE**

Defendant pleads, if such be necessary, and pleading in the alternative, that the employment actions about which Plaintiff complains were taken for legitimate business reasons unrelated to Plaintiff's pregnancy, alleged disability, any alleged protected activity under Chapter 21 or Title VII of the Civil Rights Act of 1964, or any other alleged protected status held by Plaintiff.

\* \* \*

Defendant reserves the right to plead additional defenses as appropriate.

## III.
## PRAYER

WHEREFORE, Defendant Cameron Health Care, LLC d/b/a Sedona Trace Health and Wellness prays that Plaintiff Jessica Sotelo take nothing herein and that Defendant have judgment for its costs and for such further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Danielle K. Herring*
**Danielle K. Herring**
State Bar No. 24041281
dherring@littler.com
Elizabeth L. Bolt
State Bar No. 24059470
ebolt@littler.com
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, Texas 77010
Telephone No.: 713-951-9400
Facsimile No.: 713-951-9212

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record, *via* e-file notification and certified mail, return receipt requested on this 10th day of September, 2021 to:

Clayton D. Craighead
The Craighead Law Firm, PLLC
440 Louisiana, Suite 900
Houston, Texas 77002
*Sent Via Certified Mail, Return Receipt Requested No. 9314 7699 0430 0086 4312 38*

ATTORNEY FOR PLAINTIFF

*/s/ Danielle K. Herring*
Danielle K. Herring

4848-6266-9048.1 / 053930-1000

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Schwenkel on behalf of Danielle Herring
Bar No. 24041281
LSchwenkel@littler.com
Envelope ID: 57121291
Status as of 9/16/2021 11:41 AM CST

Associated Case Party: Jessica Sotelo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Clayton D.Craighead | | clayton.craighead@thetxlawfirm.com | 9/10/2021 10:15:59 AM | SENT |

Associated Case Party: FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth L.Bolt | | ebolt@littler.com | 9/10/2021 10:15:59 AM | SENT |
| Danielle K.Herring | | dherring@littler.com | 9/10/2021 10:15:59 AM | SENT |